**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YOUNAS SAYED MOHAMMAD NADURATH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00487-JD |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner Younas Sayed Mohammad Nadurath's Emergency Motion to Prohibit Transfer and Removal Pending Habeas Adjudication ("Motion") [Doc. No. 15].[1] Mr. Nadurath seeks an immediate order prohibiting Respondents from transferring him outside the Western District of Oklahoma or removing him from the United States while the Court resolves his pending habeas petition. Motion at 1, 13. For the reasons stated below, the Court DISMISSES the Motion for lack of jurisdiction.

[1] The Court strikes Petitioner's Notice of Supplemental Information and Supplemental Authority [Doc. No. 16] because it does not comply with the Court's rules. First, the Court construes the filing as a "supplemental brief," which may be filed only with leave of Court. *See* LCvR7.1(h) ("Supplemental briefs may be filed only upon motion and leave of court."); *cf.* LCvR7.1(l) (explaining that supplemental authority "shall not contain argument" and "[i]f a party desires to present argument regarding the new authority, the party must apply for leave to file a supplemental brief"). Because Petitioner did not seek leave, the Court strikes it as improper. Second, Petitioner did not comply with the ECF Policies & Procedures Manual, which requires that "[a] description of the numbered exhibit must be provided in the docket entry (*e.g.*, Exhibit 15: January 2004 Contract)." Petitioner's exhibits to the supplemental brief do not comply.

Mr. Nadurath is a citizen of Afghanistan who was ordered removed from the United States on August 2, 2005, following his conviction for an aggravated felony. [Doc. No. 1 at 6]; *see also* [Doc. No. 9 at 2].[2] Mr. Nadurath did not appeal his order of removal. [Doc. No. 1 at 6]. After approximately six months in immigration detention, the U.S. Immigration and Customs Enforcement ("ICE") released Mr. Nadurath on an Order of Supervision ("OOS") on December 23, 2005. *Id.* Mr. Nadurath remained on the OOS until December 13, 2025. *Id.* at 2, 6–7.

On December 13, 2025, ICE officers arrested and detained Mr. Nadurath. *Id.* at 7. Mr. Nadurath has been detained since that time and is currently housed at the Diamondback Correctional Facility in Watonga, Oklahoma, which is within this judicial district. *Id.*; *see also* 28 U.S.C. § 116(c). He challenges his detention as violative of the Constitution and the laws of the United States and seeks immediate release subject to appropriate conditions of supervision. [Doc. No. 1 at 15].

On March 13, 2026, Mr. Nadurath filed his habeas petition, challenging the legality of his detention and seeking his immediate release subject to appropriate conditions of supervision. *Id.* The matter was referred to United States Magistrate Judge Suzanne Mitchell under 28 U.S.C. §§ 636(b)(1) and (C). [Doc. No. 3]. Respondents filed a response in opposition to the habeas petition asserting, among other arguments, that Mr. Nadurath was set to be removed in the reasonably foreseeable future, his detention was

[2] The Court uses CM/ECF page numbering from the top of district court docket filings in this order.

within the presumptively reasonable period, and his challenge to the revocation of his release should be denied. [Doc. No. 9].

Subsequently, Judge Mitchell issued her Report and Recommendation ("R. & R.") [Doc. No. 10], opining that ICE violated Mr. Nadurath's procedural due process rights by revoking his OOS without following its own regulations requiring it to give adequate notice and the opportunity to respond and that ICE's failure to follow the regulations under 8 C.F.R. § 241.4(l) and § 241.13(i) violated Mr. Nadurath's procedural due process rights, and recommending that this Court grant Mr. Nadurath's request for habeas relief and order his immediate release from custody subject to the terms of his OOS. Respondents filed timely objections to the R. & R., asserting that no violation of the relevant regulations occurred, no violation of due process occurred, and immediate release was not an appropriate remedy. [Doc. No. 11]. The R. & R. and objections currently are under consideration by the Court.

On October 13, 2026, Respondents filed a Notice of Petitioner's Movement ("Notice") [Doc. No. 14], indicating that Mr. Nadurath was scheduled to be moved from immigration custody in Oklahoma to effectuate his removal from the United States. That Notice prompted the instant Motion.

Under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security [("DHS")]." (citation modified). Where to detain noncitizens awaiting removal proceedings is such a discretionary

decision. Under 8 U.S.C. § 1231(g)(1), the Attorney General "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." The Tenth Circuit has confirmed that "[t]he Attorney General is mandated to arrange for appropriate places of detention for aliens detained pending removal." *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (internal quotation marks and citation omitted) (explaining that, in the context of a civil rights lawsuit, "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief"). *See also Tercero v. Holder*, 510 F. App'x 761, 766 (10th Cir. 2013) (unpublished) (recognizing "the Attorney General's discretionary decision to detain [the petitioner] in New Mexico is not reviewable by way of a habeas petition").

Thus, § 1252(a)(2)(B)(ii) bars judicial review of any decision by Respondents to transfer Petitioner to another ICE facility. *See, e.g.*, *Lway Mu v. Whitaker*, No. 6:18-cv-06924-MAT, 2019 WL 2373883, at *5 (W.D.N.Y. June 4, 2019) (citing § 1231(g)(1) and concluding that the court "does not have the authority to dictate to DHS where Petitioner should be housed"); *Olola v. U.S. Att'y Gen.*, Civil Action No. 18-CV-00058-GPG, 2018 WL 11446892, at *4 (D. Colo. Feb. 22, 2018) (recognizing that §§ 1252(a)(2)(B)(ii) and 1231(g)(1) preclude judicial review of the government's decision to transfer or relocate a noncitizen because "decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or enjoined by

the federal district courts"). Accordingly, the Court does not have jurisdiction to prohibit Mr. Nadurath's transfer.[3]

Federal law also strips federal district courts of jurisdiction to consider "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). In the Tenth Circuit, a court must review whether a habeas petitioner's claims are "connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Namgyal Tsering v. U.S. Immigr. & Customs Enf't*, 403 F. App'x 339, 343 (10th Cir. 2010) (unpublished) (citation, internal quotation marks, and emphasis omitted). An order by this Court prohibiting Mr. Nadurath's removal would directly relate to a decision to execute removal orders. *See Olola*, 2018 WL 11446892, at *3 ("[F]ederal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal."); *see also Makuey v. Scott*, Case No. 2:26-cv-00632-DGE, 2026 WL 925647, at *4 (W.D. Wash. Apr. 6, 2026) (concluding that the court "lacks jurisdiction to grant a request to delay execution of a removal order" under § 1252(g)); *Llanes v. Warden, Fla. Soft Side Det. Ctr.*, Case No. 2:26-cv-1030-KCD-DNF, 2026 WL

[3] *Cf. Pinson v. Berkebile*, 604 F. App'x 649, 652–53 (10th Cir. 2015) (unpublished) (explaining that jurisdiction attaches on the petitioner's initial filing for habeas corpus relief and is not destroyed by the transfer of petitioner and accompanying custodial change) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004) and *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014)); *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (same).

925615, at *2 (M.D. Fla. Apr. 6, 2026) (same). Consequently, § 1252(g) strips the Court of jurisdiction to consider Mr. Nadurath's request to prohibit his removal.

Because the Court lacks jurisdiction to prohibit Mr. Nadurath's transfer or removal, the Court DISMISSES the Motion for lack of jurisdiction.

IT IS SO ORDERED this 16th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE