**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YOUNAS SAYED MOHAMMAD NADURATH, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-00487-JD |
| MARKWAYNE MULLIN, et al., | ) | |
| Respondents. | ) | |

# ORDER

Before the Court is Petitioner Younas Sayed Mohammad Nadurath's ("Petitioner") emergency motion filed on Friday, October 23, 2026, seeking reconsideration of the Court's prior ruling that 8 U.S.C. § 1252(g) deprives the Court of jurisdiction to stay execution of Petitioner's final order of removal. [Doc. No. 19]. Petitioner does not seek reconsideration of the Court's separate ruling that it lacks jurisdiction to prohibit transfer to another detention facility. Respondents have filed an expedited response in opposition. [Doc. No. 21].

Considering the parties' submissions [Doc. Nos. 19 and 21] and the Tenth Circuit's recent decision in *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141 (10th Cir. Oct. 21, 2026), the Court concludes that expedited supplemental briefing is necessary to resolve Petitioner's motion.

In *Abedi*, the Tenth Circuit distinguished between a request to prevent transfer to another detention facility and a request to temporarily prevent removal from the United States while a habeas proceeding challenging the legality of detention remains pending.

The court affirmed the denial of the transfer but reversed the denial of an injunction against removal, concluding the district court had applied an incorrect legal standard. The court further explained that 8 U.S.C. § 1252 did not bar the requested removal injunction where the petitioner challenged the legality of detention without challenging the merits of the underlying removal order. The court remanded for reconsideration under the applicable legal standard and did not direct the district court to grant the injunction.

Petitioner's pending habeas petition seeks release pursuant to a prior order of supervision and alleges that he accepted the final order of removal and did not contest the removal proceedings. [Doc. No. 1 at 6]. The petition does not expressly request a stay of removal. Petitioner now seeks that relief through his emergency motion while the habeas proceeding remains pending.

The Court directs the parties to address the scope and application of *Abedi*, the statutory limitations on judicial review and injunctive relief in immigration matters, and the standards governing the specific relief Petitioner requests. Accordingly, the parties shall file supplemental briefs addressing the following issues:

1. **Section 1252(g) and *Reno***. The parties shall address the scope of 8 U.S.C. § 1252(g) in light of *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999), including the statute's application to the three discrete executive actions identified in *Reno* and the effect of *Abedi*'s discussion of a temporary injunction against removal during a pending detention challenge. The parties shall explain how *Abedi*'s analysis relates to the statutory provision concerning the execution of removal orders and to *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266 (10th Cir. 2018).

2. **Sections 1252(a)(5) and 1252(b)(9)**. The parties shall address whether either provision limits the Court's authority to grant the requested relief, including whether Petitioner's request to stay removal while his detention challenge remains pending constitutes a challenge to the merits of the removal order or a claim that must be channeled through the statutory process for judicial review of removal orders.

3. **Section 1252(f)(2) and *Nken***. The parties shall address the applicability of 8 U.S.C. § 1252(f)(2), which restricts a court's authority to enjoin execution of a final order of removal unless the noncitizen establishes by clear and convincing evidence the entry or execution of the order is prohibited as a matter of law. The parties shall address *Nken v. Holder*, 556 U.S. 418 (2009), including its distinction between a stay pending judicial review of a removal order and injunction against removal pending resolution of a separate proceeding. They shall explain whether § 1252(f)(2) applies to the relief requested here and whether the characterization of that relief as a stay, rather than an injunction, affects the analysis.

4. **The All Writs Act**. The parties shall address whether the requested relief is authorized by 28 U.S.C. § 1651(a), including whether a stay of removal is necessary or appropriate in aid of the Court's jurisdiction over the pending habeas proceeding and is agreeable to the usages and principles of law. The parties shall address the applicable standard identified in *Abedi* and whether the requested relief is sufficiently connected to the detention claims pending before this Court.

5. **The scope of the pending habeas action**. The parties shall address whether the Court may grant a stay of removal through an emergency motion when the

original § 2241 petition sought release from detention but did not expressly request a stay of removal. The parties shall address whether the requested relief is properly considered interim relief in the existing action or requires amendment or supplementation of the petition, and the significance, if any, of Petitioner's allegations that he accepted the final order of removal and did not contest the removal proceedings.[1]

6. **The applicable equitable standard**. The parties shall address, if the Court has the authority to consider the requested relief, whether Petitioner has satisfied the applicable requirements for a stay or preliminary injunction, including irreparable harm, likelihood of success on the underlying detention claim, the balance of equities, and the public interest, as applicable. The parties shall identify the precise standard governing the relief requested and explain its application to the present record.

The parties may address any additional controlling authority directly relevant to these issues but shall not use the supplemental briefing to relitigate the Court's separate ruling denying an order against transfer, which Petitioner has not asked the Court to reconsider.

The Court orders the parties to submit their supplemental briefs within 3 days of this Order and limit the briefs to 15 pages, absent a request in advance for additional pages. The Court recognizes that Petitioner has styled his motion as an emergency motion and that the relief requested concerns the anticipated execution of a final order of

---

[1] Put differently, Petitioner only attacks his detention in this matter, and he concedes he is subject to a final order of removal. Petitioner's request is to stay the event that will end his detention. The Court would appreciate the parties' views on this factual tension.

removal. Given the significance and potential immediacy of the requested relief, the Court will consider the motion on an expedited basis. Supplemental briefing is nevertheless necessary to permit the parties to address the applicable statutory provisions and controlling authority, including *Abedi*, and to ensure that the Court resolves the motion under the proper legal standards. The expedited schedule set forth above is intended to accommodate the asserted urgency while allowing for a fair and informed determination of the issues presented.

IT IS SO ORDERED this 27th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE